Froessel, J.
This is an action for divorce instituted by the plaintiff husband in which he denies the paternity of two children born to the defendant subsequent to the marriage. The marriage, which is admitted, took place on November 7,1938, under circumstances which need not be recited here. Thereafter and on August 3, 1940, a male child was born to the defendant, and on August 13, 1942, she hore a female child. The husband offered proof of nonaccess, admissions by the wife, and the result of certain blood-grouping tests. The wife denied any misconduct, admitted the parties had never established a home together, both residing apart from one another, but claimed there had been marital relations from time to time under circumstances, which, to say the least, were unusual between husband and wife.
*971 The testimony of the husband as to nonaccess has no evidentiary value in this case and may not be considered, for in the absence of statute “ ‘ * * * neither husband nor wife are competent to prove non-access during wedlock, whatever may be the form of legal proceedings, or whoever may be the parties thereto.’ ” (Comr. of Public Welfare v. Koehler, 284 N. Y. 260, 265.) The only statutory, exceptions in this State are subdivision 1 of section 67 of the New York City Criminal Courts Act (L. 1910, ch. 659, as amd.) and section 126 of the Domestic Relations Law.
As to the blood-grouping tests, I am satisfied that they were carefully and properly made. As to the male child, the evidence disclosed that the test did not exclude the possibility that he was the offspring of the parties to this action, and, accordingly, this evidence will be disregarded. As to the female child, the test excluded that possibility.
Upon the whole case 1 find that the defendant committed adultery, as alleged in paragraph “ IV ” of the complaint, and grant judgment of divorce in favor of the plaintiff husband. I also find that the plaintiff is the father of the male child. (Comr. of Public Welfare v. Koehler, supra.) I am constrained to find, however, upon all the proof properly before me, that the plaintiff is not the father of the female child of the defendant. Custody of the male child will remain with the mother. The husband will be directed to pay for support and maintenance the sum of six dollars per week.
Settle findings and judgments on notice.